Filed 11/15/24  P. v. Lisanti CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT JOSEPH LISANTI,<br><br>    Defendant and Appellant. | H052014<br>(Santa Clara County<br>Super. Ct. No. C2212718) |

## I.  INTRODUCTION

Pursuant to a plea agreement, defendant Robert Joseph Lisanti pleaded no contest to lewd or lascivious act on a child under the age of 14 (Pen. Code, § 288, subd. (a))[1] and assault with intent to commit forcible sodomy (§ 220, subd. (a)).  The trial court imposed an aggregate sentence of six years.

Defendant asserts that the trial court erred by applying custody credits exclusively to one count instead of to his aggregate sentence, and that the abstract of judgment contains clerical errors.  We will affirm the judgment, ordering certain corrections to the abstract of judgment.

---

[1] All further statutory references are to the Penal Code.

## II. BACKGROUND

The facts regarding defendant's crimes are not relevant to the issues presented on appeal. Following a preliminary hearing, defendant was charged by information with two counts: sodomy by force, violence, duress, menace, or fear (§ 286, subd. (c)(2)(A); count 1); and lewd or lascivious act on a child under the age of 14 (§ 288, subd. (a); count 2). The information alleged that defendant committed the offenses against multiple victims (§ 667.61, subds. (b) & (e)), that aggravating circumstances applied to each of defendant's offenses (§ 1170, subd. (b)), and that defendant sustained four prior strike convictions (§ 1170.12). The prosecution later moved to add a third count alleging assault with intent to commit forcible sodomy (§ 220, subd. (a); count 3).

Pursuant to a negotiated disposition, defendant pleaded no contest to counts 2 and 3. Defendant also admitted the aggravating circumstance that the victims for both counts were particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)). The parties agreed that pursuant to the plea agreement, the trial court would impose an aggregate sentence of no less than seven years and no more than twelve years, and before defendant entered his pleas, the trial court stated that it "would be comfortable with sentencing at the seven-year level." At sentencing, the trial court granted the prosecution's motion to dismiss count 1 and the remaining allegations.

The probation officer's presentencing report advised that the presentence credits defendant was entitled to should apply to count 3, with no credits applied to count 2 "[d]ue to consecutive sentencing . . . ." At the sentencing hearing, the trial court imposed a middle term sentence of four years on count 3 and a consecutive sentence of two years (one-third the middle term) for count 2, for an aggregate sentence of six years. The trial court determined that defendant was entitled to 354 days of credit.[2] Concerning the

---

[2] The probation officer's presentencing report advised that defendant was entitled to 563 total credit days (490 actual days in custody plus 73 days pursuant to § 2933.1). (continued)

application of these credits, the trial court stated: "On Count 2, because of the consecutive sentencing there aren't any credits for Count 2, zero on Count 2, but you're getting the full effect of the 354 days of credit that you have." Thus, the trial court applied the 354 credit days against the sentence for count 3. The trial court also imposed a $300 restitution fine pursuant to section 1202.4, subdivision (b) that it stayed, and an additional suspended $300 restitution fine pursuant to section 1202.45, with the court "waiv[ing] all of the remaining fines and fees." This appeal followed.

## III.    DISCUSSION

### A. *Application of Presentence Credits*

Section 2900.5, subdivision (a) generally provides that "all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment . . . ." Section 2900.5, subdivision (b) states: "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."

Defendant asserts that the trial court erred in applying his presentence credits specifically to count 3 rather than to his aggregate sentence. Citing section 2900.5, subdivision (b), he states: "Here, [defendant's] presentence credits are properly expressed as 354 total days of credit (308 actual days and 46 conduct days) toward

---

However, at sentencing, the parties discussed that the plea agreement was based on the incorrect conclusion that the trial court could sentence defendant to seven years when in fact the trial court's options were either six years or eight years. Thus, the prosecutor stated, "[O]ne way to get to the heart of our negotiation was to enter a waiver of credits." Defendant accordingly agreed to waive 183 days of actual credit, reducing his total credits to 354 days, in return for an aggregate sentence of six years. The trial court expressed the 354 days of credit as 308 days of actual credit plus 46 days under section 2933.1. Defendant does not allege that the trial court incorrectly calculated his total days of presentence credit.

3

***the aggregate sentence***.  The trial court was wrong to award the credits towards one specific count (i.e., count 3), rather than towards the overall aggregate sentence."  Defendant acknowledges that he received the correct amount of credit to which he was entitled, and he asserts that "[t]he trial court's mistake was a technical one – improperly applying the presentence credits to [defendant's] sentence."  The Attorney General responds that because defendant "committed two distinct offenses on different dates against different victims," and because defendant's "pretrial custody was not attributable to count 2, the court was correct in not awarding any presentence custody credit against that count."  In reply, defendant asserts that while both counts involve different offenses committed on different dates against different victims, the "salient point is that . . . charges for each offense were filed on the same date – and [defendant] was arrested for both offenses on the same date."

We conclude that defendant has not established that the trial court erred in applying his presentence credits specifically to the sentence for count 3 rather than to the aggregate sentence.  The record demonstrates that defendant's pretrial confinement was for a single period attributable to two distinct offenses for which he later pleaded no contest.  Because the trial court imposed the principal term on count 3, the trial court applied the presentence credits to that count.  Defendant does not argue that he was deprived of credits to which he was entitled, and his argument that the trial court should have applied his credits to the aggregate sentence cites no authority that supports this position.  Section 2900.5, subdivision (b) does not state that presentence credit for a single period of custody attributable to multiple offenses must be applied to the aggregate sentence.  Instead, it requires that "[c]redit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."  (*Id.*, subd. (b).)  The trial court's sentence satisfies this provision, as defendant was given credit "only once."  (See *People v. Cooksey* (2002) 95 Cal.App.4th 1407, 1414, 1415 [§ 2900.5, subd. (b) complied with where "credit was awarded on the consecutive

4

principal term"].)  As the Attorney General notes, the California Supreme Court has stated that "when consecutive terms are imposed for multiple offenses in a single proceeding, only one of the terms shall receive credit for presentence custody. . . ." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1192, fn. 9.)  Thus, the trial court did not err by applying defendant's credits to the sentence for count 3.

**B.  *Abstract of Judgment***

Defendant also asserts that the abstract of judgment requires correction in three respects:  (1) the abstract " 'flip-flopped' " the sentences for counts 2 and 3; (2) the abstract erroneously lists references to section 1170, subdivision (b) and California Rules of Court, rule 4.421(a)(3) as enhancements; and (3) the abstract erroneously lists the $300 restitution fine as a financial obligation in section 9.  The Attorney General concedes error as to the first and second matters, but asserts that the $300 restitution fine is properly included in the abstract.

The parties are correct that the initial abstract of judgment erroneously listed count 2 as a four-year sentence and count 3 as a consecutive sentence of two years.  This abstract paralleled clerk's minutes that also incorrectly reflected the sentence for count 2 as four years and the sentence for count 3 as two years.  However, a supplement to the appellate record submitted following the completion of briefing in this matter contains an amended abstract of judgment dated September 26, 2024 that correctly reflects that the sentence for count 2 is two years and the sentence for count 3 is four years, along with corrected clerk's minutes.  Thus, the abstract is no longer erroneous in this regard.  As to the second matter, we agree with the parties that the amended abstract of judgment dated September 26, 2024 incorrectly lists aggravating circumstances as enhancements.  "The term 'enhancement' has a well-established technical meaning in California law. [Citation.]  'A sentence enhancement is "an additional term of imprisonment added to the base term." ' [Citations.]"  (*People v. Burke* (2023) 89 Cal.App.5th 237, 243.)  Aggravating circumstances do not by themselves result in an additional term of

5

imprisonment added to the base term, and thus they should not be listed in section 2 of the abstract.  Finally, we will order the abstract to be amended to prevent any possible confusion regarding the $300 restitution fine noted in section 9 as a financial obligation.  The abstract is not erroneous in listing the fine in section 9; while the trial court stayed this fine, the fine was still imposed.  However, we agree that the abstract's note stating "RF fees stayed" could be confusing.  The restitution fine was not a fee, and the additional restitution fine imposed under section 1202.45 was already noted in section 9 to be suspended, not stayed.  We will therefore order correction to clarify any ambiguity.

## IV.    DISPOSITION

The judgment is affirmed.  The amended abstract of judgment (Judicial Council form CR-290) dated September 26, 2024 is ordered corrected as follows:  (1) section 2 shall be corrected to delete all references to Penal Code section 1170, subdivision (b) and California Rules of Court, rule 4.421(a)(3); and (2) section 13 shall be corrected to delete the notation stating "RF fees stayed" and replace this with "PC 1202.4(b) restitution fine stayed."  The trial court is directed to send a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

6

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
DANNER, J.

_____
WILSON, J.

***People v. Lisanti***
**H052014**